UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11447-GAO

DAVID BENEDICT,
Plaintiff,

v.

THE COMMONWEALTH OF MASSACHUSETTS, PLYMOUTH COUNTY SUPERIOR COURT, PLYMOUTH COUNTY DISTRICT ATTORNEY OFFICE, BROCKTON POLICE DEPARTMENT, PLYMOUTH COUNTY CORRECTIONAL FACILITY, and MASSACHUSETTS DEPARTMENT OF CORRECTION,
Defendants.

ORDER
March 20, 2017

O'TOOLE, D.J.

Proceeding *pro se*, plaintiff David Benedict brings this action against the Commonwealth of Massachusetts, Plymouth County Superior Court, Plymouth County District Attorney's Office, Brockton Police Department, Plymouth County Correctional Facility, Massachusetts Department of Correction ("Commonwealth Defendants"), and Brockton Police Department.

The Commonwealth Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). They also assert that the plaintiff's claims are barred by the Eleventh Amendment and the Rooker-Feldman doctrine. The Brockton Police Department also has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 8(a)(2), as well as on the grounds that the claims are barred by the three year statute of limitations applicable to tort claims and that the plaintiff has not alleged facts to make out a claim for municipal liability. The motions to dismiss stand unopposed.

The plaintiff's legal claims are unclear, but they appear to arise out of events beginning in 2002 relating to the plaintiff's arrest, detention, and subsequent criminal trial in Massachusetts Superior Court. The plaintiff alleges violations of 42 U.S.C. § 1983, Article XI of the Massachusetts Constitution, and Sections 2-302, 1-103, 1-308, and 2-721 of the Uniform Commercial Code.

Rule 8 generally requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and this Court construes *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (2007)). However, a plaintiff must still allege enough facts so that the claim is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, the complaint fails to identify specific facts outlining the claims against each of the separately named defendants. It is not coherent enough that it can fairly be said to state "a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 570. "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). Even reading the complaint in a light most favorable to the plaintiff, the Court is unable to understand, without resort to hypothetical speculation, what claims the plaintiff seeks to present. The complaint therefore does not provide the defendants with adequate notice of the claims against them.

Even given the ambiguity of the complaint, it can be reliably determined that any claims against the Commonwealth or its departments would be barred from presentation in this Court by the Eleventh Amendment.

For these reasons, the defendants' unopposed motions to dismiss (dkt. nos. 5, 7) are GRANTED.

It is SO ORDERED.

                    /s/ George A. O'Toole, Jr.
                    United States District Judge